**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**GLENN E. MIXON,**
  **Plaintiff,**

**vs.**            **CASE NO.: 5:06cv161/RS/MD**

**MICHAEL J. ASTRUE**[1]
**Commissioner of Social Security,**
  **Defendant.**

_____

**REPORT AND RECOMMENDATION**

  This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits.  Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 19).  The plaintiff does not oppose the motion according to the certification of the defendant.

  Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  The Commissioner of Social Security states that remand is appropriate to direct the ALJ to further develop the record and issue a new hearing.  In this regard, the ALJ will hold a supplemental hearing and re-evaluate plaintiff's credibility.  In doing so, the ALJ will discuss all the relevant evidence and factors present in this case.  The ALJ will be further directed to discuss the findings and

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he will be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

opinions of plaintiff's treating physicians including Dr. Robert Joseph. Based on his analysis, the ALJ should utilize a vocational expert to meet the Commissioner's burden at step five of the sequential evaluation process by posing a proper hypothetical question which clearly sets forth all the limitations contained in his residual functional capacity determination. Good cause has been shown for remand.

Accordingly, it is RECOMMENDED as follows:

1. That the defendant's motion to remand (doc. 19) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That defendant be ordered to direct the Administrative Law Judge to further develop the record and issue a new hearing. In this regard, the ALJ will hold a supplemental hearing and re-evaluate plaintiff's credibility. In doing so, the ALJ will discuss all the relevant evidence and factors present in this case. The ALJ will be further directed to discuss the findings and opinions of plaintiff's treating physicians including Dr. Robert Joseph. Based on his analysis, the ALJ should utilize a vocational expert to meet the Commissioner's burden at step five of the sequential evaluation process by posing a proper hypothetical question which clearly sets forth all the limitations contained in his residual functional capacity determination.

4. That the clerk be directed to enter judgment for plaintiff and close the file.

DONE AND ORDERED this 26th day of March, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**